UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
SOUTHEASTERN DIVISION

| | | |
|---|---|---|
| JAMES G. OWENS, JR., | ) | |
| | ) | |
| Movant, | ) | |
| | ) | |
| vs. | ) | Case No. 1:11CV00116 SNLJ |
| | ) | |
| UNITED STATES OF AMERICA, | ) | |
| | ) | |
| Respondent. | ) | |

## MEMORANDUM AND ORDER

This case is a motion under 28 U.S. C. § 2255 to vacate, set aside or correct sentence by James G. Owens, Jr., a person in federal custody. On April 7, 2010, Owens plead guilty before this Court to the offense of being a Felon in Possession in a Firearm, and on June 25, 2010, this Court sentenced Owens to the Bureau of Prisons for a term of 57 months, a sentence within the sentencing guideline range. Owens' § 2255 action is fully briefed and ripe for disposition. USA v. James G. Owens, Jr., Case No. 1:10CR00020-SNLJ.

## FACTS

**A.  THE INDICTMENT**

On January 21, 2010, a Grand Jury in the Eastern District of Missouri, Southeastern Division, returned a one count Indictment against the Movant, James Owens. The Indictment charged that on or about April 8, 2009, James Owens knowingly possessed a firearm loaded with eleven rounds of ammunition having previously been convicted of felony charges, in violation of Title 18, United States Code, Section 922(g).

**B.  PLEA AGREEMENT**

On April 7, 2010, Owens appeared with his attorney and entered a plea of guilty to the

Indictment. At the time of the plea, Owens had entered into a written Plea Agreement and Stipulation of Facts with the Government which was filed with the Court. (Attached as Exhibit 1)

Pursuant to the Plea Agreement, Owens agreed to plead guilty to Count I of the Indictment, possession of a firearm and ammunition having been previously convicted of felony charges. (Ex. 1, ¶ 2.A) The parties recommended that the base offense level under U.S.S.G. Section 2K2.1(a) was either 14, 20 or 24, depending on the nature of the defendant's criminal history. (Ex. 1, ¶ 3.B.(1)) The parties agreed a two level enhancement was appropriate pursuant to Section 2K2.1(b)(4) since the firearm was stolen. (Ex. 1, ¶ 3.B.(2)) The parties also recommended that Owens should receive a three level decrease for acceptance of responsibility. (Ex. 1, ¶ 3.D) The parties did not agree as to Owens' criminal history, which was left to the determination of the District Court. (Ex. 1, ¶ 3.F)

Owens agreed that by entering a plea of guilty, he expressly waived his right to a trial. Owens agreed that his attorney had explained his Constitutional rights relating to a trial and the consequences of his waiver of those rights. (Ex. 1, ¶ 8) Furthermore, Owens stated that he was:

> . . . fully satisfied with the representation received from defense counsel. The defendant has reviewed the government's evidence and discussed the government's case and all possible defenses with defense counsel. Defense counsel has completely and satisfactorily explored all areas which the defendant has requested relative to the government's case and any defenses.

(Ex. 1, ¶ 8)

The terms of the Plea Agreement provided that both parties agreed to waive appellate rights, as follows:

> (a) **Non-Sentencing Issues:** In the event the Court accepts the plea, as part of this agreement, both the defendant and the government hereby waive all rights to appeal all non-jurisdictional issues including, but not limited to

any issues relating to pre-trial motions, hearings and discovery and any issues relating to the negotiation, taking or acceptance of the guilty plea or the factual basis for the plea.

(b) **Sentencing Issues:** In the event the Court accepts the plea and in sentencing the defendant, 1) applies the recommendations agreed to by the parties herein, and 2) after determining a Sentencing Guideline range, sentences the defendant within that range, then, as part of this agreement, both the defendant and the Government hereby waive all rights to appeal all sentencing issues, including any issues relating to the determination of the Total Offense Level. Each party, however, reserves its right to appeal any issues relating to the determination of the Career Offender Status and Armed Career Criminal Status.

(Ex. 1, ¶ 2.C.(1)).

Owens also agreed:

. . . to waive all rights to contest the conviction or sentence, except for grounds for prosecutorial misconduct or ineffective assistance of counsel at the time of sentencing, in any post-conviction proceeding, including, but not limited to, a motion brought under 28 U.S.C. §§ 2241, 2255, and Rule 60(b) Fed. R. Civ. P. or by means of any other petition for relief of any description.

(Ex. 1, ¶ 2..(2))

Owens acknowledged in the Plea Agreement that each and every fact set forth in the Indictment was true and correct, and that he committed the acts set forth in the Indictment. (Ex. 1, ¶ 4) Owens specifically admitted the facts concerning his possession of a firearm and ammunition at a time when he was a convicted felon (Ex. 1, ¶ 4)

**C.   THE PRESENTENCE REPORT**

Following the plea, a Presentence Investigation Report (P.S.I.) was prepared by United States Probation Officer Sherry L. Persinger. Officer Persinger recommended that Owens base offense level be set at level 20 (P.S.I., ¶ 16), two levels were added, because the firearm was stolen (P.S.I., ¶ 17), three levels were subtracted for acceptance of responsibility (P.S.I., ¶ 21).

Owens' final offense level was also 19. (P.S.I., ¶ 24)

Owens' criminal history calculation revealed twelve criminal history points, which established a criminal history category of V. (P.S.I., ¶ 49) Owens was convicted of misdemeanor Possession of less than an ounce of marijuana on January 17, 2001 (2 criminal history points) (P.S.I., ¶ 27), felony Possession of a Controlled Substance on January 18, 2000 (3 criminal history points) (P.S.I., ¶ 31), misdemeanor possession of marijuana on April 13, 2000 (1 criminal history point) (P.S.I., ¶ 35), felony Deviate Sexual Assault on April 2, 2001 (3 criminal history points) (P.S.I., ¶ 38), as well as Fleeing from an officer, reckless driving, possession of marijuana, and no license on September 15, 2008 (2 criminal history points) (P.S.I., ¶ 42). In addition, Owens was assessed two criminal history points for committing the instant offense less than two years following release from custody. (P.S.I., ¶ 48)

Owens did not object to the findings of fact contained in the Presentence Investigation Report.

The P.S.I. concluded that the applicable sentencing range was 57 to 71 months. (P.S.I., ¶ 74)

**D.      THE SENTENCING HEARING**

On June 25, 2010, this Court conducted a sentencing hearing in this case. Owens was sentenced to a term of imprisonment of 57 months, two years supervised release, and a $100 special assessment.

**E.      NO APPEAL**

Owens did not file any appeal concerning his sentence or conviction.

**F.      MOTION FOR POST-CONVICTION RELIEF PURSUANT TO § 2255**

On or about July 1, 2011, Owens filed a motion pursuant to Title 18, United States Code, § 2255, asking that his conviction and sentence be vacated, set aside and corrected. His basic claim is that his counsel was ineffective for failing to object to the Court's finding that he should be assessed one criminal history point for one of his misdemeanor convictions and three criminal history points for one of his felony convictions alleging that the sentences for the convictions were imposed in the same proceeding. (Document #1 at p. 4) In addition, Owens claims he was not aware of his appellate rights. (Document #1 at p. 7)

## APPLICABLE LAW

### A. NEED FOR EVIDENTIARY HEARING AND BURDEN OF PROOF

28 U.S.C.§ 2255 provides, in pertinent part:

> Unless the motion and the files and records of the case conclusively show that the prisoner is not entitled to relief, the court shall . . . grant a prompt hearing thereon.

Rule 4(b) of the Rules Governing Section 2255 Proceedings for the United States District Court states:

> The motion, together with all the files, records, transcripts, and correspondence relating to the judgment under attack, shall be examined promptly by the judge to whom it is assigned. If it plainly appears from the fact of the motion and any annexed exhibits in the prior proceedings in the case that the movant is not entitled to relief in the district court, the judge shall make an order for its summary dismissal and cause the movant to be notified.

When a petition is brought under § 2255, the petitioner bears the burden of establishing the need for an evidentiary hearing. In determining whether petitioner is entitled to an evidentiary hearing the court must take many of petitioner's factual averments as true, but the court need not give weight to conclusory allegations, self interest and characterizations, discredited inventions, or opprobrious epithets. *United States v. McGill*, 11 F.3d 223, 225 (1st

Cir. 1993). A hearing is unnecessary when a Section 2255 motion (1) is inadequate on its face, or (2) although facially adequate is conclusively refuted as to the alleged facts by the files and the records of the case. *Id*., at 225-6. See also *United States v. Robinson*, 64 F.3d 403 (8th Cir. 1995); *Engelen v. United States*, 68 F.3d 238, 240 (8th Cir. 1995).

When all the information necessary for the court to make a decision with regard to claims raised in a 2255 motion is included in the record, there is no need for an evidentiary hearing. *Rogers v. United States*, 1 F.3d 697, 699 (8th Cir. 1993). An evidentiary hearing is unnecessary where the files and records conclusively show petitioner is not entitled to relief. *United States v. Schmitz*, 887 F.2d 843, 844 (8th Cir. 1989); *Dall v. United States*, 957 F.2d 571, 573 (8th Cir. 1992).

**B. INEFFECTIVE ASSISTANCE OF COUNSEL**

To prevail on a claim alleging ineffective assistance of counsel, the movant must satisfy the two-part test of *Strickland v. Washington*, 466 U.S. 668, 104 S.Ct. 2052 (1984). Under *Strickland*, the movant must first show that the counsel's performance was deficient. 466 U.S. at 687. This requires the movant to show "that counsel made errors so serious that counsel was not functioning as the 'counsel' guaranteed the defendant by the Sixth Amendment." *Id*. Secondly, the movant must demonstrate that the deficient performance prejudiced the defense so as "to deprive the defendant of a fair trial, a trial whose result is reliable." *Id*. The movant "must show that there is a reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different. A reasonable probability is a probability sufficient to undermine confidence in the outcome." *Id*. at 694.

The Eighth Circuit has described the two-fold test as follows: (1) counsel's representation

Cir. 1993). A hearing is unnecessary when a Section 2255 motion (1) is inadequate on its face, or (2) although facially adequate is conclusively refuted as to the alleged facts by the files and the records of the case. *Id*., at 225-6. See also *United States v. Robinson*, 64 F.3d 403 (8th Cir. 1995); *Engelen v. United States*, 68 F.3d 238, 240 (8th Cir. 1995).

When all the information necessary for the court to make a decision with regard to claims raised in a 2255 motion is included in the record, there is no need for an evidentiary hearing. *Rogers v. United States*, 1 F.3d 697, 699 (8th Cir. 1993). An evidentiary hearing is unnecessary where the files and records conclusively show petitioner is not entitled to relief. *United States v. Schmitz*, 887 F.2d 843, 844 (8th Cir. 1989); *Dall v. United States*, 957 F.2d 571, 573 (8th Cir. 1992).

**B. INEFFECTIVE ASSISTANCE OF COUNSEL**

To prevail on a claim alleging ineffective assistance of counsel, the movant must satisfy the two-part test of *Strickland v. Washington*, 466 U.S. 668, 104 S.Ct. 2052 (1984). Under *Strickland*, the movant must first show that the counsel's performance was deficient. 466 U.S. at 687. This requires the movant to show "that counsel made errors so serious that counsel was not functioning as the 'counsel' guaranteed the defendant by the Sixth Amendment." *Id*. Secondly, the movant must demonstrate that the deficient performance prejudiced the defense so as "to deprive the defendant of a fair trial, a trial whose result is reliable." *Id*. The movant "must show that there is a reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different. A reasonable probability is a probability sufficient to undermine confidence in the outcome." *Id*. at 694.

The Eighth Circuit has described the two-fold test as follows: (1) counsel's representation

fell below an objective standard of reasonableness; and (2) but for this ineffective assistance, there is a reasonable probability that the outcome of the trial would have been different. *Rogers v. United States*, 1 F.3d 697, 700 (8th Cir. 1993). More recently the Eighth Circuit has described the *Strickland* test as follows: "Whether counsel's performance was in fact deficient and, if so, whether the defendant was prejudiced by the inadequate representation. If we can answer 'no' to either question, then we need not address the other part of the test." *Fields v. United States*, 201 F.3d 1025, 1027 (8th Cir. 2000).

When evaluating counsel's performance, the court "must indulge in a strong presumption that counsel's conduct falls within the wide range of reasonable professional assistance." *Strickland*, 466 U.S. at 689, 104 S.Ct. at 2065. Counsel's performance is considered objectively, and gauged "whether it was reasonable 'under prevailing professional norms' and 'considering all the circumstances.'" *Fields*, 201 F.3d at 1027, quoting *Strickland,* 466 U.S. at 688, 104 S.Ct. at 2064-65. Counsel's challenged conduct is viewed as of the time of his representation. "And we avoid making judgments based on hindsight." *Fields*, 201 F.3d at 1027. A reviewing court's "scrutiny of counsel's performance must be highly deferential." *Strickland*, 466 U.S. at 689, 104 S.Ct. at 2065.

When evaluating counsel's performance, the court "must indulge in a strong presumption that counsel's conduct falls within the wide range of reasonable professional assistance." *Strickland*, 466 U.S. at 689, 104 S.Ct. at 2065. Counsel's performance is considered objectively, and gauged "whether it was reasonable 'under prevailing professional norms' and 'considering all the circumstances.'" *Fields*, 201 F.3d at 1027, quoting *Strickland,* 466 U.S. at 688, 104 S.Ct. at 2064-65. Counsel's challenged conduct is viewed as of the time of his representation. "And

we avoid making judgments based on hindsight." *Fields*, 201 F.3d at 1027. A reviewing court's "scrutiny of counsel's performance must be highly deferential." *Strickland*, 466 U.S. at 689, 104 S.Ct. at 2065.

The standard to be used in a collateral charge of ineffective assistance of counsel following a guilty plea is governed by *Hill v. Lockhart*, 474 U.S. 52, 106 S.Ct. 366 (1985), which applies the holding of *Strickland* to instances involving guilty pleas. A movant who pleads guilty upon advice from counsel may only contest the voluntary and intelligent character of the plea by establishing that the advice given was not within the range of professional competence required of the attorney in a criminal case. *Lockhart*, 474 U.S. at 56, citing *Tollett v. Henderson*, 411 U. S. at 267.

### C. EFFECT OF GUILTY PLEA ON APPEALABLE ISSUES

A defendant who enters a plea of guilty thereby waives his right to request relief under 28 U.S.C. § 2255 with the exception of those issues related to jurisdiction only. *See*, e.g., *Hill v. United States*, 928 F.2d 303 (8th Cir. 1991); *United States v. Stewart*, 972 F.2d 216, 217-18 (8th Cir. 1992); *Smith v. United States*, 876 F.2d 655, 657 (8th Cir. 1989).

When a guilty plea is delivered by the Movant, the focus of a collateral attack must remain limited to the nature of counsel's advice and the voluntariness of the plea. *Bass v. United States*, 739 F.2d 405, 406 (8th Cir. 1984) citing *Tollett v. Henderson*, 411 U.S. 258, 266, 93 S.Ct. 1602, 1607 (1973). A guilty plea operates as a break in the chain of events of the criminal process. *Tollett,* 411 U.S. at 267. Once a criminal defendant solemnly professes his guilt before the court, "he may not thereafter raise independent claims relating to the deprivation of constitutional rights that occurred prior to the entry of the guilty plea." *Id.* Only the voluntary

and intelligent character of the guilty plea may be attacked. *Id.* Although the *Tollett* decision concerned state prisoner habeas corpus petitions, the Eighth Circuit adopted and applied its rationale to motions under Section 2255. *Bass*, 739 F.2d at 406.

Even a defendant's reliance on his counsel's opinion as to the calculation of defendant's sentence would not make a defendant's plea involuntary, where the record reveals that the defendant was fully informed and knowingly and voluntarily pleaded guilty. *See Hollis v. United States*, 687 F.2d 257, 260 (8th Cir. 1982); *Roberson v. United States*, 901 F.2d 1475, 1478 (8th Cir. 1990).

**DISCUSSION**

Owens alleges that his attorney was ineffective for failing to object to the Court's finding that he should be assessed one criminal history point for one of his misdemeanor convictions and three criminal history points for one of his felony convictions alleging that the sentences for the convictions were imposed in the same proceeding. (Document #1 at p. 4) Owens claims the misdemeanor conviction was not countable and one of the felonies should not receive points, because the sentence was ordered to run concurrently with another felony conviction. Owens, however, failed to identify which misdemeanor conviction should not have been counted and which felony case was assessed criminal history points and should not have been counted. His position is without merit.

Owens has three misdemeanor convictions that were assessed criminal history points: on January 17, 2001, he was convicted of misdemeanor Possession of less than an ounce of marijuana(2 criminal history points) (P.S.I., ¶ 27), on April 13, 2000, he was convicted of misdemeanor possession of marijuana (1 criminal history point) (P.S.I., ¶ 35), and on September

15, 2008 he was convicted of fleeing from an officer, reckless driving, possession of marijuana, and no license (2 criminal history points) (P.S.I., ¶ 42). All three convictions were disposed under separate case numbers and on separate days. Ultimately, Owens served time in jail for all three misdemeanor convictions--11 months and 23 days for the January 17, 2001 marijuana conviction (P.S.I., ¶ 27), 17 days for the April 13, 2000 marijuana conviction (P.S.I., ¶ 35), and 6 months and 12 months for the fleeing from an officer, reckless driving, possession of marijuana, and no license case for which he was given credit for time served (P.S.I., ¶ 42). There is no reason to believe that any of the criminal history points for Owens' misdemeanor convictions should not have been counted.

In regard to Owens' allegation concerning improper counting of some of his felony convictions, although he did not specify which convictions he was referring to, he did allege that one of the felony convictions should not be assessed points, because "the sentence was imposed in the same proceeding" and the sentences were ordered "to be served concurrently to each other." (Document #1 at p. 4) Based on the allegations, it appears that Owens believes that he should not have received criminal history points for both his felony Possession of a Controlled Substance conviction that was entered on January 18, 2000 (3 criminal history points) (P.S.I., ¶ 31), and his felony Deviate Sexual Assault conviction that was entered on April 2, 2001 (3 criminal history points) (P.S.I., ¶ 38), as the sentence of probation that was originally entered in the drug case was revoked on the same day the Deviate Sexual Assault conviction was ordered, April 2, 2001. Owens opinion regarding the counting of criminal history points in this situation is incorrect. The fact that sentences in two separate cases are ordered to run concurrently does not mean that criminal history points for one of the cases are not counted.

As explained by a United States District Court in Minnesota when a similar claim was made by a defendant:

> Concurrent sentences are a routine feature of our justice system, and when they are imposed, the defendant serves a sentence on every offense of conviction. He just happens to serve the sentences at the same time. *United States v. Allen*, 50 F.3d 294, 298 (4th Cir. 1995) ("Concerns about sentencing equity that may lead a court to consolidate cases informally and impose concurrent sentences do not make unrelated cases related.")

*United States v. Fiorito*, 2010 WL 1507645.

In his case, Owens claims that his attorney was ineffective for not objecting to the assessment of criminal history points for the aforementioned convictions. If Owens' complaints would have been raised, the rules for counting criminal history points would have been reviewed and all parties would have agreed that there was no factual error in the calculation of Owens' criminal history category.

Owens' attorney cannot, as a matter of law, be ineffective for failing to make an objection where the proposed objection would have been overruled. *DeRoo v. United States*, 223 F.3d 919, 925 (8th Cir. 2000).

## CONCLUSION

For the foregoing reasons, Owens' § 2255 motion is **DENIED**.

Dated this 24th day of February, 2012.

_____
STEPHEN N. LIMBAUGH, JR.
UNITED STATES DISTRICT JUDGE